NO: 12-15555

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

KEVIN EMBRY, individually and on behalf of himself, the general public and those similarly situated,

Plaintiff-Appellee,

vs.

ACER AMERICA CORPORATION, a California corporation, Defendant-Appellee.

_____

CHRISTOPHER BANDAS,

Objector-Appellant

_____

From the United States District Court
for the Northern District of California
No. 5:09-cv-01808-JW

_____

Reply in Support of Motion of Christopher Bandas to Stay Payment of Appeal Bond

_____

Joseph Darrell Palmer
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste A
Solana Beach, CA 92075
(858) 792-5600 Ph / (866) 583-8115 Fax
Email: darrell.palmer@palmerlegalteam.com
Attorneys for Appellant Christopher Bandas

Appellant and Objector CHRISTOPHER BANDAS provides his reply in support of his motion to stay the District Court's order directing payment of a $70,650 appeal bond. The stay should be granted for the following reasons:

- The District Court prematurely denied the motion for stay, prior to Appellant's deadline to file his reply.
- The bond amount is excessive under all applicable precedent.
- The merits of the appeal warrant granting the stay.

### I. THE DISTRICT COURT ISSUED ITS DENIAL OF APPELLANT'S MOTION PRIOR TO THE TIME ALLOWED BY LOCAL RULE 7-3(C)

As illustrated in Appellant's moving papers, his motion for stay in this Court can be granted on purely procedural grounds. Local Rule 7-3(c) provides that "The reply to an opposition must be filed and served not more than <u>7 days after the opposition was due</u>." L.R. 7-3(c)(emphasis added.) The opposition to Appellant's motion was <u>due</u> on August 20, because the moving papers were filed on August 6. (Doc. 267) While the opposition was filed before August 20, this did not advance the date the reply was due, because the language of the Rule concerns when the opposition is "due," not when the opposition is "filed." The Court is aware that the plain language of the rule governs its interpretation. *People of the Territory of Guan v. Cepeda,* 69 F.3d 369, 375 (9th Cir. 1995)("Absent some contrary controlling judicial interpretation, the plain language of the statute must govern.")

1

If the drafters had intended the language to be "filed," it could have so stated. Instead, the language is when "due."

Accordingly, the District Court's denial of the motion on August 23, before Appellant's reply was even due, constitutes a clear denial of due process, warranting reversal of that order, and a stay as requested.

## II. THE DISTRICT COURT'S AMOUNT OF BOND IS CONTRARY TO CONTROLLING AUTHORITY

The District Court awarded Plaintiffs a bond in the amount of more than $70,000.00, far in excess of what Plaintiffs admitted the costs might be, approximately $15,000.00. Plaintiffs/Appellees, in their opposition, glibly assert that because Mr. Bandas is an attorney, then surely he must have $70,000.00 he can easily deposit into a bank. (Opp. At 8) All attorneys, however, do not take home the same paychecks as Class Counsel, who regularly see seven- and eight-figure paychecks. Mr. Bandas does not have $70,000.00 sitting in the bank, just as many attorneys, and other objectors, do not. The ultimate problem is that this amount is not supportable by federal rules or by case law.

Rule 7 allows for a bond for the purpose of ensuring "that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on appeal." Conspicuously absent from this language is the purpose of chilling litigant's rights to appeal. Rule 38 aims to describe recoverable costs, which include primarily the preparation of the record and the transcript. Plaintiffs have

2

even ADMITTED that the costs may approximate $15,000.00. (Opp. At 11) Strangely, Plaintiffs assert that Bandas has not offered to post a lesser amount than $70,000.00. (Opp. At 11) This is belied in Bandas' motion for stay at 6: "he has confirmed his willingness to pay reasonable costs which are likely to be less than $15,000 by Plaintiffs' own admission." Bandas herein confirms again his willingness to pay <u>reasonable</u> costs in the estimated amount of $15,000.00.

Plaintiffs stretch the language of imposing appeal bonds beyond the parameters they were designed to protect: "appellate costs." The $70,000 imposed by the trial court exceeds the $15,000 estimate by nearly five-fold. An appeal bond of only double the anticipated costs was ruled to be unconstitutional by the Supreme Court. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972). The same should be found in this matter, with respect to this five-fold penalty. The determination regarding frivolousness still belongs to the **appeals court,** not the District Court, in the Ninth Circuit. *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007). Any amount in excess of anticipated costs more than $15,000.00 is unsupportable, and justifies granting Appellant's request for a stay of the District Court's bond order.

### III. THE MERITS OF THE APPEAL WARRANT GRANTING THE STAY

Plaintiffs/Appellees' primary argument, which the District Court adopted, is that because Bandas and his attorney Palmer have objected in this past, this must

3

be a frivolous appeal and therefore a high bond is warranted to chase them out. The body of the opposition to this stay is clear: another rundown of Mr. Palmer's and Mr. Bandas' litigation history. Courts have made clear, however, that the identity of the attorney is irrelevant to the consideration of the merits of a particular case or settlement.

Plaintiffs make much of the fact that the "identical" arguments have already been overruled by the court, and that therefore there can be absolutely no success on the merits. (Opp. At 6) This argument is patently false. The Ninth Circuit has made no ruling on the merits of the arguments present in the *Magsafe* matter. The only issues before the Ninth Circuit in *Magsafe* are appeal bond issues, which do not address the substantive issues raised by the objections.

The fact that the District Court has ruled the same way on similar issues regarding time sheet submission has no bearing on whether the Ninth Circuit will rule the same way. A District Court judge in New York acknowledged as much, and stated that just because he overruled the objections did not mean that they were without merit:

> The Court will neither comment on, nor strike those comments [disparaging objectors' counsel]. Beyond ignoring them, the Court will simply state for the Record that it does not regard the Objectors' arguments or appeal as frivolous. The Court does not agree with the Objectors – that much is clear from the Court's ruling approving the settlement. However, the Court also acknowledges that some of the issues raised are novel and are worthwhile subjects of an appeal.

*In re Bisphenol-A Polycarbonate Plastic Products Liability Litigation,* 4-08-md-01967-ODS, Dkt. 763, 7/26/11 (J. Ortrie D. Smith). Judge Smith uncovered the true reason for the request for an appeal bond, and on that basis, denied it entirely:

> The Parties provide no justification for the amount of the bond beyond their intense dislike for objectors in general and these Objectors in particular. In fact, while the Objectors have suggested a lesser amount might be appropriate, the Court does not believe a bond is "necessary to ensure payment of costs on appeal."

*In re Bisphenol-A Polycarbonate Plastic Products Liability Litigation,* 4-08-md-01967-ODS, Dkt. 763, 7/26/11 (J. Ortrie D. Smith). The same reasoning should be applied in this matter.

The most compelling reason to reject Plaintiffs/Appellants' reasoning in this matter is the recent appellate victory for Mr. Palmer in the *Dennis v. Kelloggs* matter, decided by the Ninth Circuit in July, and again in September. The Ninth Circuit found the District Court committed an abuse of discretion in approving the cy pres settlement provision, and the amount of attorneys' fees. The Ninth Circuit agreed with <u>both</u> of Mr. Palmer's issues on appeal, while obviously rejected by the District Court. While the Ninth Circuit subsequently withdrew that portion of the opinion discussing attorneys' fees because it was no longer ripe, the fact remains that Mr. Palmer's arguments were persuasive on appeal. Accordingly, just because a District Court disagrees with Mr. Palmer's position does not mean it

automatically has no merit, underscoring the need to let an appeals court decide what issues are frivolous.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Appellant respectfully requests the Ninth Circuit stay imposition of the appeal bond as ordered at docket entry 265, pending the outcome of his appeal regarding same.

Dated: September 11, 2012    Respectfully submitted.


                                By: /s/ Joseph Darrell Palmer_____
                                    Joseph Darrell Palmer

CERTIFICATE OF SERVICE

 I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 11, 2012.

 I certify that all parties in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

         /s/ Joseph Darrell Palmer
         Joseph Darrell Palmer