NO: 12-15555

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

KEVIN EMBRY, individually and on behalf of himself, the general public and those similarly situated,

Plaintiff-Appellee,

vs.

ACER AMERICA CORPORATION, a California corporation,
Defendant-Appellee.

_____

CHRISTOPHER BANDAS,

Objector-Appellant

_____

From the United States District Court
for the Northern District of California
No. 5:09-cv-01808-JW

_____

Opposition to Plaintiffs/Appellees' Motion to Dismiss Appeal
_____

Joseph Darrell Palmer
Law Offices of Darrell Palmer PC
603 North Highway 101, Ste A
Solana Beach, CA 92075
(858) 792-5600 Ph / (866) 583-8115 Fax
Email: darrell.palmer@palmerlegalteam.com
Attorneys for Appellant Christopher Bandas

Objector/Appellant Christopher Bandas opposes Plaintiffs/Appellees' Motion to Dismiss, appended to their opposition to his motion to stay the order granting an appeal bond of more than $70,000.00.

A. **Plaintiffs/Appellee's Motion to Dismiss is Admittedly Premature and Must Be Denied**

Plaintiffs' motion to dismiss was appended, apparently as an afterthought and a procedural end-run, to their opposition to Objector's motion to stay imposition of the appeal bond order. Plaintiffs admit, however, in their own motion, that it is premature:

> **"When this Court reinstated his appeal, it noted that Plaintiff could move to dismiss the appeal as frivolous once the brief had been filed."**

Opp/Motion to Dismiss at 10 n.3 (emphasis added). This Court, therefore, told Plaintiffs when a motion to dismiss would be ripe, and appropriate: "once the brief had been filed." The brief has not been filed. Their motion, therefore, is premature and in violation of this Court's order with respect to when it can be filed. For this single reason, for violating a Court order with respect to the timing of filing their motion, Plaintiffs' motion to dismiss must be denied.

Plaintiffs' sole basis for requesting dismissal is that Bandas has failed to pay the appeal bond. This, however, is the subject of an appeal itself. Once more, this motion is premature and not ripe. If Bandas prevails with respect to the appeal

1

bond issue, his failure to post it is moot and cannot affect the consideration of the merits of the appeal.

## B. **Plaintiffs' Support and Arguments Find No Support in the Record, Forming an Additional Basis Upon Which to Deny Their Motion**

Plaintiffs base their motion on incorrect facts: that Bandas has failed to "proffer a bond in any lesser amount." Opp/Motion at 11. Bandas clearly pointed out in his moving papers at 5-6 the following:

> Objector has admitted that he can afford to pay costs in that amount ($15,000). (Dkt. 239, Exh. 5, page 11.) Despite this expressed <u>willingness</u>, the District Court imposed a bond far in excess of that amount.

(Emphasis added.) Plaintiffs' argument in support of their motion, therefore, does not square with the facts OR the record, and on that basis must be denied as well.

Finally, Plaintiffs assert that Bandas has failed to "demonstrate that there is even one non-frivolous issue on appeal." Opp/Motion at 12. This, too, has been addressed by Bandas in his motion. Simply put, the panel may disagree with the District Court's conclusion, which is the purpose behind any appeal. Other District Court judges have acknowledged objectors' rights to pursue appeals because the panels may disagree with their conclusions:

> The Court does not agree with the Objectors – that much is clear from the Court's ruling approving the settlement. However, the Court also acknowledges that some of the issues raised are novel and are worthwhile subjects of an appeal.

2

*In re Bisphenol-A Polycarbonate Plastic Products Liability Litigation,* 4-08-md-01967-ODS, Dkt. 763, 7/26/11 (J. Ortrie D. Smith). Further, Mr. Palmer's recent success in *Dennis v. Kellogg* is another example of the Ninth Circuit disagreeing with the district judge's assessment of a settlement. (Case no. 11-55674, 9/4/12)

    Plaintiffs' alleged support comes <u>not</u> from <u>this</u> Court, as they argue, but from the District Court, who has clearly determined the issues adverse to Bandas. That much is not in dispute. But for Plaintiffs to assert that <u>this</u> Court has decided <u>these</u> issues adverse to Bandas already is flatly untrue. The only issue the Ninth Circuit has decided in the earlier *Apple Magsafe* matter Plaintiffs cite to is appeal bond issues regarding Mr. Gaudet, and are not the substantive issues being appealed. Finally, Plaintiffs stated that they "quoted the findings of the district court and cited the controlling opinions of this Court to show that there were no non-frivolous issues for appeal (Ninth Cir. Dkt. #11)." Opp/Motion at 12 n.5. The cite to Docket number 11 is not any court order addressing the merits of issues on appeal, but is Plaintiffs' response opposing Bandas' motion to reinstate the appeal. Plaintiffs' inaccurate approach to their motion to dismiss begs for its outright dismissal.

Dated: September 14, 2012        Respectfully submitted.

                                          By: <u>/s/ Joseph Darrell Palmer</u>
                                              Joseph Darrell Palmer

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 14, 2012.

I certify that all parties in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Joseph Darrell Palmer
Joseph Darrell Palmer